**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| ADN JEANS GROUP LLC,<br><br>    *Plaintiff*,<br><br>    v.<br><br>MUNDI TRADE, INC.<br><br>    *Defendant*. | No.<br><br>**COMPLAINT AND JURY DEMAND** |

Plaintiff ADN Jeans Group LLC ("ADN" or "Plaintiff") by and through its undersigned counsel, as and for its Complaint against Defendant Mundi Trade, Inc. ("Mundi" or "Defendant"), alleges as follows:

**NATURE OF THE ACTION**

1. This is an action for tortious interference with contract brought against Defendant for its misconduct: namely, interference with a contract between Plaintiff and an entity named Ariat International Inc. ("Ariat"), as described below.

2. Plaintiff seeks compensatory and punitive damages, as well as injunctive relief and attorneys' fees and related costs arising from Defendant's tortious interference.

## PARTIES, JURISDICTION AND VENUE

3. Plaintiff is a limited liability company organized under the laws of the State of Nevada, with a principal place of business at 13014 Dale Mabry Hwy., Suite 619, Tampa, FL 33618. The LLC consists of two individual members, both of whom are citizens and residents of Mexico.

4. On information and belief, Defendant is a corporation organized under the laws of Delaware. At all times relevant to this action, it maintained a permanent principal place of business at 19 West 24th Street, 10th Floor, New York, NY 10010.

5. This Court has personal jurisdiction over Defendant pursuant to N.Y.C.P.L.R 301.

6. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1332 because there is complete diversity between the parties and the amount in controversy exceeds $75,000, exclusive of interest and costs.

7. Venue is proper in this District under 28 U.S.C. § 1391(b) because a significant portion of the alleged misconduct by Defendant giving rise to the claims asserted herein occurred in this District and/or involved parties located in this District.

## FACTUAL ALLEGATIONS

8. Plaintiff manufactures blue jeans, often for resale by third-party retailers. Ariat is one such retailer.

9. Defendant is a commercial factor, and has provided credit to Plaintiff.

10. Plaintiff acknowledges that it owes money to Defendant, and in fact has been making substantial weekly payments to Defendant to satisfy that obligation.

11. Ariat, in turn, owes a substantial amount of money to Plaintiff pursuant to the contract between Plaintiff and Ariat (the "Ariat Obligation"). The current amount of the Ariat Obligation is approximately $4 million.

12. Plaintiff intends to use the Ariat Obligation to, among other things, satisfy Plaintiff's obligation to Defendant, as well as to operate its business.

13. Defendant, however, is unreasonably demanding that Ariat turn over the entire Ariat Obligation to Defendant immediately, without any contractual basis that Ariat do so.

14. Defendant has demanded that Ariat refuse to pay Plaintiff any portion of the Ariat Obligation, and has threatened to sue Ariat if it does so.

15. To date, Ariat has acceded to that threat, and no funds from the Ariat Obligation are being released to Plaintiff as a result.

16. Funds from the Ariat Obligation are vital to the operation of Plaintiff's business. Without those funds, Plaintiff's operation of its business (including hundreds of jobs) is under existential threat.

17. Defendant is fully aware of the calamitous effect the lack of payment of the Ariat Obligation will have on Plaintiff's business, but is nevertheless continuing its scorched-earth campaign against Plaintiff.

18. The damage to Plaintiff and its business caused by Defendant's misconduct cannot be currently be calculated with precision, but will easily exceed $20 million unless halted.

## CLAIM FOR RELIEF
### (TORTIOUS INTERFERENCE WITH CONTRACT)

19. Plaintiff repeats and re-alleges each allegation set forth in Paragraphs 1-18 above as if set forth fully herein.

20. There is a valid contract between Plaintiff and Ariat.

3

21. Defendant is fully aware of the existence of that Contract, as well as of the Ariat Obligation arising thereunder.

22. Without legal justification, Defendant has procured Ariat's breach of that contract through its unlawful threats against Ariat.

23. Plaintiff has suffered actual damages as a result of Defendant's tortious interference. First, it has been denied access to the Ariat Obligation (approximately $4 million), to which it is contractually entitled. Second, as noted, denial of access to the funds from the Ariat Obligation is a direct threat to the continuing operation of Plaintiff's business. The financial damage from that threat cannot be currently be calculated with precision, but will easily exceed $20 million unless halted.

## REQUEST FOR RELIEF

**WHEREFORE,** Plaintiff respectfully demands judgment for the following relief:

A. Compensatory damages arising from Defendant's tortious interference with the contract between Plaintiff and Ariat of not less than $24 million;

B. Punitive damages as a result of Defendant's willful tortious interference;

C. A preliminary and permanent injunction against Defendant forcing it to cease and desist from its misconduct;

D. Any other relief authorized by law, including costs and reasonably attorneys' fees; and

E. Such other and further relief as the Court deems just and proper.

## **JURY TRIAL DEMANDED**

Plaintiff demands a jury trial on all matters properly tried before a jury.

Dated: New York, New York
April 5, 2023

        STROPHEUS LLC


        _____s/ Ronald Adelman_____

        60 East 42nd Street, Suite 4600
        New York, New York 10022
        T: (917) 688-2304
        Ronald.Adelman@Stropheus.com

        *Attorneys for Plaintiff*