

June 15, 2023

<u>*VIA ECF*</u>
Honorable Andrew L. Carter, Jr., U.S.D.J.
United States District Court
Southern District of New York
40 Foley Square, Room 435
New York, New York 10007

      Re:    **ADN Jeans Group, LLC v. Mundi Trade, Inc. - No. 23-cv-02862-ALC**
              **Request for a Pre-Motion Conference**

Dear Judge Carter:

      This firm is counsel to Defendant, Mundi Trade, Inc. ("Defendant" or "Mundi") in the above referenced matter. Consistent with Your Honor's Individual Practices, kindly accept this letter on behalf of Defendant requesting a Pre-Motion Conference to address leave to file (a) Defendant's application to vacate the Clerk's Certificate of Default entered in favor of Plaintiff, ADN Jeans Group, LLC ("ADN" or "Plaintiff") on or about May 11, 2023 [Dkt. 11] pursuant to <u>F.R.C.P.</u> 55(c) and, assuming vacated, (b) a Motion to Dismiss for Failure to State a Claim pursuant to <u>F.R.C.P.</u> 12(b)(6).

### *Procedural History and Relevant Factual Background*

      This is a dispute between Mundi, a factor that provides account receivables financing, and its client, ADN, a Nevada based entity that sold its accounts receivable to Mundi by way of a comprehensive written Factoring Agreement (<u>See</u> Declaration of Sebastian Kontarovsky ("SK Dec."), Exh. A.). ADN manufactures blue jeans for sale through third-party retailers. One of these retailers is Ariat International, Inc. ("Ariat"). ADN owes Mundi over $4 million dollars since it misdirected payments due and owed by Ariat to Mundi pursuant to the Factoring Agreement, the Notice of Assignment and applicable law including the UCC. Since Ariat received the Notice of Assignment, it is also liable for millions of dollars to Mundi for accounts receivable sold and assigned to Mundi pursuant to the Factoring Agreement. While an exhaustive discussion of the legal principals at issue is not necessary at this juncture, the Factoring Agreement between Mundi and ADN as well as the Notice of Assignment and relevant law including the UCC, permit Mundi to collect amounts owed by Ariat (and other ADN clients) to ADN directly from Ariat (and other ADN clients) to satisfy ADN's obligations owed to Mundi per the Factoring Agreement. Mundi and ADN had numerous discussions about resolution prior to institution of this litigation[1] – both directly and through Mundi's national counsel, Krieg DeVault LLP ("KD").

| | |
|---|---:|
| **New Jersey** | www.jensenfirm.com |
| 233 Mt. Airy Road | christian@jensenfirm.com |
| Suite 133 | phone: (908) 758-1265 |
| Basking Ridge, NJ 07920 | fax: (908) 332-5737 |

---

[1] These discussions also occurred prior to the parallel litigation that ADN instituted on April 7, 2023 against Mundi in Nevada State Court – *ADN Jeans Group LLC v. Mundi Trade, Inc.,* A-23-868625-B

ADN instituted this litigation by filing a Complaint on April 5, 2023. The Complaint asserts a single cause of action against Mundi alleging tortious inference with ADN's contract with Ariat. Despite the fact that Plaintiff's counsel previously discussed the disputes with KD prior to institution of suit, it did not inform KD of the filing of the Complaint. Subsequently, ADN filed an affidavit of service claiming that Mundi was served by way of the New York Secretary of State on April 10, 2023 [Dkt. 7]. Despite purported service, Mundi did not receive process at its address listed with the New York Division of Corporations and has never received a copy of the Complaint in this action at its registered address. (SK Dec., ¶¶ 5-8). Instead, Mundi was solicited by an unrelated lawyer after which its principal reached out to counsel at KD who downloaded the pleadings from PACER. (Id.). Despite an ongoing dialogue, Plaintiff's counsel never contacted KD and filed a request for a Certificate of Default on May 11, 2023. Subsequent to this filing, Plaintiff's failed to respond to requests by KD to vacate the default in good faith given the ongoing dialogue between the parties and the lack of prejudice. (Id., ¶9). Similarly, once this firm was engaged by Mundi, I communicated with Richard Lehun, Esq. and his colleague Ron Adelman, Esq. (counsel of record) to discuss background and as well as vacating the default on consent. This firm has received no response to these repeated communications thereby necessitating this request.

### *Mundi Can Demonstrate "Good Cause" To Vacate Default Under F.R.C.P. 55(c) and the Complaint Must be Dismissed Per F.R.C.P. 12(b)(6)*

Setting aside entry of default is governed by F.R.C.P. 55(c) which expressly states that a "court may set aside an entry of default for good cause." While, here, the limited period of time from entry of default and efforts to communicate with counsel renders good cause almost self-evident, "courts consider the following factors in determining whether good cause exists: '(1) whether the default was willful; (2) whether setting aside the default would prejudice the adversary; and (3) whether a meritorious defense is presented.'" Liu v. Rajacic, 2022 U.S. Dist. LEXIS 129873, at *1 (S.D.N.Y. July 21, 2022)(Citing Enron Oil Corp. v. Diakuhara, 10 F.3d 90, 96 (2d Cir. 1993)).

District courts may also consider "'[o]ther relevant equitable factors,' including 'whether the failure to follow a rule of procedure was a mistake made in good faith and whether the entry of default would bring about a harsh or unfair result … [courts] must bear in mind the Second Circuit's 'strong' preference for resolving disputes on the merits. Accordingly, any doubts 'should be resolved in favor of the defaulting party.'" Certain Underwriters at Lloyd's London v. Mr. Demolition, Inc., 2020 U.S. Dist. LEXIS 253319, at *6-7 (E.D.N.Y. Dec. 28, 2020) (Citing New York v. Green, 420 F.3d 99, 104 (2d Cir. 2005).

Review of these factors mandates that the Certificate of Default be vacated for good cause. First, the default was not willful. A default is willful if it results from "'conduct that is more than merely negligent or careless, but is instead egregious and … not satisfactorily explained.' Although a finding of bad faith is not a 'necessary predicate,' willfulness requires 'that [a] defendant defaulted deliberately.' Id. at *7 (Citing Gucci Am., Inc. v. Gold Ctr. Jewelry, 158 F.3d 631, 635 (2d Cir. 1998). Here, Defendant never received process at its registered address on file with the New York Division of Corporations, has made efforts to discuss vacation of default with counsel to no response and the Certificate was entered only roughly one month ago. "The Second Circuit has found that a defendant's prompt application for a motion to set aside an entry of default suggests that the default was not willful." Johnson v. N.Y. Univ., 324 F.R.D. 65, 70 (S.D.N.Y. 2018).

Similarly, there is good cause to vacate as there would be no prejudice to Plaintiff this case is in the early stages of litigation. Only default has been entered and the Second Circuit has held that "'delay standing alone does not establish prejudice' sufficient to defeat a showing of good cause. Rather, it must be shown that delay will result in the loss of evidence, create increased difficulties of discovery, or provide greater opportunity for fraud and collusion." Certain Underwriters at Lloyd's London at *9 (E.D.N.Y. Dec. 28, 2020) (Citing Enron Oil Corp., 10 F.3d at 98. None of those factors are present here.

Finally, Mundi possesses meritorious defenses to the single cause of action for tortious interference with contract which demonstrate good cause and warrant that the default be vacated. These same defenses mandate that the Complaint be dismissed under F.R.C.P. 12(b)(6) despite taking the factual allegations as true and liberally construing them in ADN's favor. For one, Plaintiff **admits** in its Complaint that it owes Mundi funds sought from Ariat [Dkt. 1, ¶10]. Standing alone, Mundi can collect from Ariat under the Factoring Agreement and the Notice of Assignment which provides a meritorious defense to a claim of tortious interference and warrants dismissal. Moreover, Mundi made multiple efforts to negotiate and recover directly from ADN and only after months of pursuing them without receiving payment did Mundi contacted Ariat directly. ADN willingly and freely entered into the Factoring Agreement and agreed to sell all of its right title and interest in its accounts receivable including the Ariat Obligations alleged in the Complaint. It is simply not tortious for Mundi to exercise its contractual rights permitted under the Factoring Agreement and allowed under the UCC. ADN's own misconduct, the misdirected payments and **admitted** failure to pay has breached the Factoring Agreement and provides defenses to the Complaint.

Exploring further, under New York law, "tortious interference with contract requires…the existence of a valid contract between the plaintiff and a third party, defendant's knowledge of said contract, defendant's intentional procurement of the third-party's breach of the contract without justification, actual breach of the contract, and damages resulting from the breach. D3 Int'l, Inc. v. AGGF Cosmetic Grp. S.P.A.,2023 U.S. Dist. LEXIS 38119, at *41-42 (S.D.N.Y. Mar. 7, 2023)(Citing See Valley Lane Indus. Co. v. Victoria's Secret Direct Brand Mgmt., L.L.C., 455 Fed. App'x. 102, 104 (2d. Cir. 2012); see also GateGuard, Inc. v. Amazon.com Inc., 2023 U.S. Dist. LEXIS 26905, at *25 (S.D.N.Y. Feb. 16, 2023). There is no breach and no damages.

As a general matter, a security interest attaches to collateral when it becomes enforceable against the debtor with respect to the collateral, unless the agreement expressly postpones the time of attachment which is not the case here. (UCC 9-203(a)). Because value has been given by Mundi to ADN, ADN had rights in the collateral and power to transfer rights in the collateral to Mundi, and ADN signed an authenticated security agreement which provides a detailed description of the collateral, Mundi's security interest attached and is fully enforceable against ADN. (See SK Dec., Exh. A - Section 2 and Section 8).

ADN retained no interest or ability to collecting from Ariat and ADN's allegations that it is somehow entitled to receive payment for the Ariat Obligations is in direct contravention to UCC 9-318, 9-406 and the plain terms of the Factoring Agreement. Furthermore, ADN's claim that Mundi is not permitted to pursue account debtors who owe payment obligations for accounts is wholly unsupported by the UCC and applicable law including 9-607 of the UCC. In other words, Mundi is permitted to exercise its contractual and statutory rights.

These principles are further supported by the Factoring Agreement which grants a security interest to Mundi in ADN's "Collateral" which includes the Ariat Obligations and clearly provides that Mundi obtained all of ADN's "right, title, interest and ownership in, to and under the Assigned Assets" including the exclusive right to demand collection and receive payment of the obligations including the Ariat accounts. (Id. - Section 2 and 2(a)-(d)).  Additionally, ADN agreed that Mundi "shall have all of the rights and remedies of a secured party as provided by the UCC in addition to any of the remedies provided by another applicable law and all rights and remedies provided for by this Agreement and by any other agreement" (Id. - Section 8 at paragraph 4).  As a result of ADN's conduct, Mundi is entitled to the specific remedies set forth in Section 13 of the Factoring Agreement including to default fees, indemnification, and attorneys' fees and costs as provided for under the Factoring Agreement.  (Id.).

Put simply, if taken, Mundi's actions to collect the Ariat Obligations are commercially reasonable. Int'l Nut All., LLC v. Bank Leumi USA, 2016 NY Slip Op 31848(U), ¶ 11 (N.Y. Sup. Ct.) (Citing Chase Manhattan Bank, N.A. v. Our Own Farm, 237 A.D.2d 222, 223, (N.Y. App. Div. 1st Dep't 1997)).  Mundi's actions in collecting the Ariat Obligations would be economically justified per the Factoring Agreement and the UCC.  See Technomarine SA v. Jacob Time, Inc., 905 F. Supp. 2d 482, 494 (S.D.N.Y. 2012) ("economic justification is a defense to a tortious interference claim.").

Accordingly, Defendant respectfully requests a pre-motion conference to address leave to file the anticipated (a) application to vacate the Clerk's Certificate of Default pursuant to F.R.C.P. 55(c) and, assuming vacated, (b) a Motion to Dismiss for Failure to State a Claim pursuant to F.R.C.P. 12(b)(6).  Alternatively, Defendant remains willing to discuss vacation of default on consent or, if necessary, a briefing schedule with Plaintiff's counsel.  We thank you in advance for your attention to this matter.

Respectfully submitted,
*/s/ Christian Jensen*
Christian Jensen

cc:  Plaintiff's counsel (via ECF)