

July 11, 2023

<u>VIA ECF</u>
Honorable Andrew L. Carter, Jr., U.S.D.J.
United States District Court
Southern District of New York
40 Foley Square, Room 435
New York, New York 10007

      Re:    ADN Jeans Group, LLC v. Mundi Trade, Inc. - No. 23-cv-02862-ALC
              Request for a Pre-Motion Conference

Dear Judge Carter:

      This firm is counsel to Defendant, Mundi Trade, Inc. ("Defendant" or "Mundi") in the above referenced matter. Consistent with Your Honor's Individual Practices, kindly accept this letter on behalf of Defendant requesting a Pre-Motion Conference to address leave to file a Motion to Dismiss the Complaint filed by Plaintiff, ADN Jeans Group, LLC ("ADN" or "Plaintiff") for Failure to State a Claim pursuant to <u>F.R.C.P.</u> 12(b)(6).

### *Procedural History and Relevant Factual Background*

      This is a dispute between Mundi, a factor that provides account receivables financing, and its client, ADN, a Nevada based entity that sold its accounts receivable to Mundi by way of a comprehensive written Factoring Agreement (<u>See</u> Declaration of Sebastian Kontarovsky ("SK Dec."), Exh. A.). ADN manufactures blue jeans for sale through third-party retailers. One of these retailers is Ariat International, Inc. ("Ariat"). ADN owes Mundi over $4 million dollars since it misdirected payments due and owed by Ariat to Mundi pursuant to the Factoring Agreement, the Notice of Assignment and applicable law including the UCC. Since Ariat received the Notice of Assignment, it is also liable for millions of dollars to Mundi for accounts receivable sold and assigned to Mundi pursuant to the Factoring Agreement. While an exhaustive discussion of the legal principals at issue is not necessary at this juncture, the Factoring Agreement between Mundi and ADN as well as the Notice of Assignment and relevant law including the UCC, permit Mundi to collect amounts owed by Ariat (and other ADN clients) to ADN directly from Ariat (and other ADN clients) to satisfy ADN's obligations owed to Mundi per the Factoring Agreement. Mundi and ADN had numerous discussions about resolution prior to institution of this litigation[1] – both directly and through Mundi's national counsel, Krieg DeVault LLP ("KD").

---

**New Jersey**  
233 Mt. Airy Road  
Suite 133  
Basking Ridge, NJ 07920

www.jensenfirm.com  
christian@jensenfirm.com  
phone: (908) 758-1265  
fax: (908) 332-5737

---

[1] These discussions also occurred prior to the parallel litigation that ADN instituted on April 7, 2023 against Mundi in Nevada State Court – *ADN Jeans Group LLC v. Mundi Trade, Inc.,* A-23-868625-B

ADN instituted this litigation by filing a Complaint on April 5, 2023. The Complaint asserts a single cause of action against Mundi alleging tortious inference with ADN's contract with Ariat.

### *The Complaint Must be Dismissed Per F.R.C.P. 12(b)(6)*

The Complaint be dismissed under F.R.C.P. 12(b)(6) even when liberally construing the factual allegations in ADN's favor. For one, Plaintiff **admits** in its Complaint that it owes Mundi funds sought from Ariat [Dkt. 1, ¶10]. Standing alone, Mundi can justifiably collect from Ariat under the Factoring Agreement and the Notice of Assignment which warrants dismissal. ADN willingly and freely entered into the Factoring Agreement and agreed to sell all of its right title and interest in its accounts receivable including the Ariat Obligations alleged in the Complaint. It is simply not tortious for Mundi to exercise its contractual rights permitted under the Factoring Agreement and allowed under the UCC. ADN's own misconduct, the misdirected payments and **admitted** failure to pay has breached the Factoring Agreement.

This position and the right to dismissal is supported by New York law which states that "tortious interference with contract requires…the existence of a valid contract between the plaintiff and a third party, defendant's knowledge of said contract, defendant's intentional procurement of the third-party's breach of the contract **without justification**, **actual breach of the contract**, and damages resulting from the breach. D3 Int'l, Inc. v. AGGF Cosmetic Grp. S.P.A.,2023 U.S. Dist. LEXIS 38119, at *41-42 (S.D.N.Y. Mar. 7, 2023)(emphasis added) (Citing See Valley Lane Indus. Co. v. Victoria's Secret Direct Brand Mgmt., L.L.C., 455 Fed. App'x. 102, 104 (2d. Cir. 2012); see also GateGuard, Inc. v. Amazon.com Inc., 2023 U.S. Dist. LEXIS 26905, at *25 (S.D.N.Y. Feb. 16, 2023). Further, one must be the "but-for" cause of any damages. Green Star Energy Sols., LLC v. Edison Props., LLC, 2022 U.S. Dist. LEXIS 196738, *46 (S.D.N.Y. October 28, 2022) (Citing Conte v. Emmons, 895 F.3d 168, 171 (2d Cir. 2018)). While ADN's allegations are impermissibly speculative and conclusory, even if taken as true, the allegations do not support a claim of tortious interference and Mundi is wholly justified in collecting from the customers of ADN – the whole premise of a factoring arrangement. There is no breach and no damage.

The superficial Complaint generally alleges that ADN has somehow been "denied access to the Ariat Obligation (approximately $4 million), to which it is contractually entitled." Mundi has not and cannot "deny access" to funds that it does not possess. Fundamentally, ADN owes Mundi under the Factoring Agreement, but any decision by Ariat to not pay ADN (or Mundi for that matter) was (a) due to the actions of ADN - not Mundi and (b) is under the control of Ariat – not Mundi.

As a general matter, a security interest attaches to collateral when it becomes enforceable against the debtor with respect to the collateral, unless the agreement expressly postpones the time of attachment which is not the case here. (UCC 9-203(a)). Because value has been given by Mundi to ADN, ADN had rights in the collateral and power to transfer rights in the collateral to Mundi, and ADN signed an authenticated security agreement which provides a detailed description of the collateral, Mundi's security interest attached and is fully enforceable against ADN. (See SK Dec., Exh. A - Section 2 and Section 8). ADN retained no interest or ability to collecting from Ariat and ADN's allegations that it is somehow entitled to receive payment for the Ariat Obligations is in direct contravention to UCC 9-318, 9-406 and the plain terms of the Factoring Agreement.

These principles are further supported by the Factoring Agreement which grants a security interest to Mundi in ADN's "Collateral" which includes the Ariat Obligations and clearly provides that Mundi obtained all of ADN's "right, title, interest and ownership in, to and under the Assigned Assets" including the exclusive right to demand collection and receive payment of the obligations including the Ariat accounts. (Id. - Section 2 and 2(a)-(d)). Additionally, ADN agreed that Mundi "shall have all of the rights and remedies of a secured party as provided by the UCC in addition to any of the remedies provided by another applicable law and all rights and remedies provided for by this Agreement and by any other agreement" (Id. - Section 8 at paragraph 4). As a result of ADN's conduct, Mundi is entitled to the specific remedies set forth in Section 13 of the Factoring Agreement including to default fees, indemnification, and attorneys' fees and costs as provided for under the Factoring Agreement. (Id.). It is axiomatic that the grant of these remedies permits efforts by Mundi to collect and defeats the tortious interference claim even if plead properly. See e.g., Beskrone v. Kore Cap. Corp. (In re Moon Grp., Inc.), 2022 Bankr. LEXIS 2710, *30 (D. Del. September 30, 2022).

Put simply, if taken, Mundi's actions to collect the Ariat Obligations are commercially justified and reasonable. Int'l Nut All., LLC v. Bank Leumi USA, 2016 NY Slip Op 31848(U), ¶ 11 (N.Y. Sup. Ct.) (Citing Chase Manhattan Bank, N.A. v. Our Own Farm, 237 A.D.2d 222, 223, (N.Y. App. Div. 1st Dep't 1997)). Mundi's actions to collect the Ariat Obligations would be economically justified per the Factoring Agreement and the UCC. See Technomarine SA v. Jacob Time, Inc., 905 F. Supp. 2d 482, 494 (S.D.N.Y. 2012). ADN's Complaint is rife with "mere speculation" to serve as a red herring and divert attention from the fact that ADN is in a position of its own making and has suffered no damages due to the conduct of Mundi. Instead, ADN accepted funds and the benefits of the Factoring Agreement from Mundi and filed this baseless litigation to try and avoid the obligations which it owes to Mundi.

Notably, Plaintiff does not allege that Mundi has received funds from Ariat or that Ariat breached its contract with ADN – just that *Ariat* denied them access to the funds. Plaintiff does not sufficiently allege that there was a breach of an agreement with Ariat or that Mundi's conduct was the "but for" cause of any injury which is fatal to their claim and their speculation warrants dismissal. See Tutor Perini Bldg. Corp. v. Port Auth. (In re George Washington Bridge Bus Station Dev. Venture LLC), 2022 Bankr. LEXIS 2752, *34 (S.D.N.Y. September 30, 2022 )(Citing Ferrandino & Son, Inc. v. Wheaton Builders, Inc., LLC, 82 A.D.3d 1035, 1036, (App. Div. 2d Dept. 2011) ("to avoid dismissal of a tortious interference with contract claim a plaintiff must support [its] claim with more than mere speculation.").

Accordingly, Defendant respectfully requests a pre-motion conference to address leave to file the Motion to Dismiss for Failure to State a Claim pursuant to F.R.C.P. 12(b)(6). Alternatively, Defendant remains willing to discuss a briefing schedule with Plaintiff's counsel. We thank you in advance for your attention to this matter.

Respectfully submitted,
*/s/ Christian Jensen*
Christian Jensen

cc: Plaintiff's counsel (via ECF)