**JENSEN LAW FIRM LLC**
233 Mount Airy Road, Suite 133
Basking Ridge, NJ 07920
*Main Office*
christian@jensenfirm.com
Office:  (908) 758-1265
Fax:  (908) 332-5737
Christian Jensen, Esq. (CJ1331)
*Attorneys for Defendant, Mundi Trade, Inc.*

## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF NEW YORK

|  |  |
|---|---|
| ADN JEANS GROUP LLC,<br><br>*Plaintiff*,<br><br>v.<br><br>MUNDI TRADE, INC.<br><br>*Defendant*. | Civil Action No.:  23-cv-02862(ALC) |

## MEMORANDUM OF LAW IN SUPPORT OF
## DEFENDANT'S MOTION TO DISMISS PURSUANT TO FRCP 12(b)(6)

Christian Jensen, Esq. (CJ1331)
**JENSEN LAW FIRM LLC**
233 Mount Airy Road, Suite 133
Basking Ridge, NJ 07920
*Main Office*
christian@jensenfirm.com
Office:  (908) 758-1265
Fax:  (908) 332-5737
*Attorneys for Defendant, Mundi Trade, Inc.*

# **TABLE OF CONTENTS**

PRELIMINARY STATEMENT ..............................................................................................1
BACKGROUND/STATEMENT OF FACTS .........................................................................1
LEGAL STANDARD...............................................................................................................2
ARGUMENT ............................................................................................................................3
*I. Plaintiff's Single-Count Complaint Must Be Dismissed With Prejudice For Failure to State A Claim* .......................................................................................................................................3
   A.   The Complaint Must Be Dismissed Because ADN Fails To Sufficiently Allege The Elements Of A Claim Of Tortious Inference With Contract Including That (i) Ariat Breached Its Agreement With ADN; (ii) That Mundi Was The "But For" Cause Of Any Breach; And (iii) That Mundi Acted Without Justification ................................................................................................3
   B.   The Complaint Must Be Dismissed Because, Per The Factoring Agreement, Mundi Was The Assignee Of The Subject Accounts Receivable And An Agent Of ADN And, Thus, Not A Third Party To The Contract. ................................................................................................................7
   C.   The Complaint Must Be Dismissed Because ADN Fails To Allege That Mundi, Which Had An Economic Interest In The Subject Receivables, Engaged In Malice, Fraud, Or Criminality. ...9
CONCLUSION .......................................................................................................................11

# **TABLE OF AUTHORITIES**

**Cases**

*Ace Arts, LLC v. Sony/ATV Music Pub., LLC*,
  56 F. Supp. 3d 436 (S.D.N.Y. 2014) ................................................................................... 4

*Albert v. Loksen*,
  239 F.3d 256 (2d Cir. 2001) ................................................................................................ 8

*Ashcroft v. Iqbal*,
  556 U.S. 662 (2009) ....................................................................................................... 2, 3

*Bell Atl. Corp. v. Twombly*,
  550 U.S. 544 (2007) ............................................................................................................ 2

*Beskrone v. Kore Cap. Corp.*
  (In re Moon Grp., Inc.), 2022 Bankr. LEXIS 2710 (D. Del. September 30, 2022) .................. 7

*D3 Int'l, Inc. v. AGGF Cosmetic Grp. S.P.A.*,
  2023 U.S. Dist. LEXIS 38119 (S.D.N.Y. Mar. 7, 2023) ....................................................... 4

*Foster v. Churchill*,
  87 N.Y.2d 744 (1996) ......................................................................................................... 9

*Gordon v. Palumbo*,
  377 F. App'x 39 (2d Cir. 2010) .......................................................................................... 3

*Green Star Energy Sols., LLC v. Edison Props., LLC*,
  2022 U.S. Dist. LEXIS 196738 (S.D.N.Y. October 28, 2022) .............................................. 4

*Harris v. Mills*,
  572 F.3d 66 (2d Cir. 2009) ................................................................................................. 3

*Inn Chu Trading Co., Ltd. v. Sara Lee Corp.*,
  810 F. Supp. 501 (S.D.N.Y. 1992) ..................................................................................... 9

*Int'l Nut All., LLC v. Bank Leumi USA*,
  2016 NY Slip Op 31848(U) (N.Y. Sup. Ct.) ..................................................................... 10

*Jack L. Inselman & Co. v. FNB Financial Co.*,
  51 A.D.2d 924, 925 (1st Dept 1976) ................................................................................... 9

*Koret, Inc. v. Christian Dior, S.A.*,
  161 A.D.2d 156 (1st Dep't 1990) .................................................................................... 8, 9

*Maricultura del Norte, S. de R.L. de C.V. v. Umami Sustainable Seafood, Inc.*,
  769 Fed. Appx.644 (2d Cir. 2019) ...................................................................................... 4

*Masefield AG v. Colonial Oil Indus.*,

    2006 U.S. Dist. LEXIS 5792 (S.D.N.Y. Feb. 15, 2006) ....................................................... 4, 9

*New York Packaging II LLC v. Intco Med. Indus., Inc.*,
    2023 U.S. Dist. LEXIS 667 (E.D.N.Y. January 3, 2023) ......................................................... 8

*Technomarine SA v. Jacob Time, Inc.*,
    905 F. Supp. 2d 482 (S.D.N.Y. 2012) ................................................................................... 10

*Trireme Energy Holdings, Inc. v. Innogy Renewables US LLC*,
    2021 U.S. Dist. LEXIS 154846 (S.D.N.Y. August 17, 2021) .................................................. 5

*World Wide Communs. v. Rozar*,
    1997 U.S. Dist. LEXIS 20596 (S.D.N.Y. Dec. 30, 1997) ....................................................... 4

## Rules/Statutes

FRCP 12 ............................................................................................................................. 1, 2, 3, 10

UCC 9-203 ................................................................................................................................... 6

UCC 9-318, 9-406 ..................................................................................................................... 6, 7

## PRELIMINARY STATEMENT

The facts of this matter are simple: Plaintiff, ADN Jeans Group LLC ("ADN" or "Plaintiff") has sued Defendant, Mundi Trade, Inc. ("Mundi" or "Defendant") in a bad faith attempt to discourage Mundi from lawfully enforcing its rights and collecting accounts receivable from ADN's client, Ariat International, Inc., pursuant to a factoring agreement between the parties. ADN **admits** in its Complaint that it owes Mundi and, then in the next breath, objects to Mundi's efforts to collect the funds that are admittedly owed. ADN's frivolous, obstructionist tactics extend to a second lawsuit filed against Mundi on April 7, 2023 in Nevada State Court – *ADN Jeans Group LLC v. Mundi Trade, Inc.,* A-23-868625-B.

ADN apparently hopes that frivolous lawsuits will somehow convince Mundi to abandon its rights after ADN – and only ADN – received the benefit of the factoring agreement and settle simply to avoid the expense of litigation. ADN is mistaken. Notwithstanding these brutish tactics, Plaintiff single-count, superficial complaint asserting a claim for tortious interference with contract must be dismissed with prejudice as it fails to state a claim under New York law per F.R.C.P. 12(b)(6).

## BACKGROUND/STATEMENT OF FACTS

This is a dispute between Mundi, a commercial factor that provides account receivables financing, and its client, ADN, a Nevada based entity that sold its accounts receivable to Mundi by way of a comprehensive written Factoring Agreement governed by New York law. (See Declaration of Sebastian Kontarovsky ("SK Dec."), Exh. A. (the "Factoring Agreement")). ADN manufactures blue jeans for sale through third-party retailers. One of these retailers is Ariat International, Inc. ("Ariat"). ADN owes Mundi over $4 million dollars since it misdirected payments due and owed by Ariat to Mundi pursuant to the Factoring Agreement, the notice of

assignment and applicable law including the UCC.  Ariat is also liable for millions of dollars to Mundi for accounts receivable sold and assigned to Mundi pursuant to the Factoring Agreement.  It is axiomatic given the nature of the factoring relationship that the Factoring Agreement between Mundi and ADN and relevant law including the UCC, permit Mundi to collect amounts owed by Ariat (and other ADN clients) to ADN directly from Ariat (and other ADN clients) to satisfy ADN's obligations owed to Mundi per the Factoring Agreement.

ADN instituted this litigation by filing a Complaint on April 5, 2023 [Dkt. 1].  The Complaint asserts a single cause of action against Mundi alleging tortious inference with ADN's contract with Ariat.  Fatally, the Complaint:  (a) **admits** that ADN owes money to Mundi (¶10); (b) **admits** that Mundi is a factor (¶9); (c) **admits** that the funds owed by Ariat can be used to satisfy amounts owed to Mundi (¶12); *but* (d) **does not allege** that Ariat has breached any agreement with ADN, and by extension; (e) **does not allege** that Mundi was the "but for" cause of any breach; and (f) **does not allege** that ADN acted outside of any authority provided to it under the Factoring Agreement, UCC, or common law.   Accordingly, Plaintiff fails to state a claim for tortious interference with contract under New York law and its Complaint must be dismissed with prejudice.

## LEGAL STANDARD

To survive a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), a complaint must "state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009).  While "a court must accept as true all of the allegations contained in a complaint," the court need not accept "legal conclusions." Id.  Particularly relevant

to this case, "[t]hread bare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Harris v. Mills, 572 F.3d 66, 72 (2d Cir. 2009) (quoting Iqbal, 556 U.S. at 679); Gordon v. Palumbo, 377 F. App'x 39, 40 (2d Cir. 2010). A pleading that offers only "labels and conclusions" or "a formulaic recitation of the elements of a cause of action" will not suffice. Iqbal, 556 U.S. at 678 (internal citations omitted).

## ARGUMENT

The Complaint must be dismissed under F.R.C.P. 12(b)(6) even when liberally construing the factual allegations in ADN's favor. Fundamentally, Plaintiff **admits** in its Complaint that it owes Mundi funds sought from Ariat [Dkt. 1, ¶10]. Standing alone, Mundi can justifiably collect from Ariat under the Factoring Agreement and related notices of assignment which warrants dismissal. ADN willingly and freely entered into the Factoring Agreement and agreed to sell all of its rights title and interest in its accounts receivable including the Ariat Obligations alleged in the Complaint. It is simply not tortious for Mundi to exercise its contractual rights under the Factoring Agreement and ADN fails to satisfy the elements of a claim for tortious interference. For these reasons, and the other reasons discussed below, Plaintiff fails to state a claim for tortious interference with contract and its Complaint must be dismissed with prejudice.

**I.   Plaintiff's Single-Count Complaint Must Be Dismissed With Prejudice For Failure to State A Claim**

   *A. The Complaint Must Be Dismissed Because ADN Fails To Sufficiently Allege The Elements Of A Claim Of Tortious Inference With Contract Including That (i) Ariat Breached Its Agreement With ADN; (ii) That Mundi Was The "But For" Cause Of Any Breach; And (iii) That Mundi Acted Without Justification.*

Under New York law, "tortious interference with contract requires…the existence of a valid contract between the plaintiff and a third party, defendant's knowledge of said contract, defendant's intentional procurement of the third-party's breach of the contract **without**

3

**justification**, **actual breach of the contract**, and damages resulting from the breach. D3 Int'l, Inc. v. AGGF Cosmetic Grp. S.P.A., 2023 U.S. Dist. LEXIS 38119, at *41-42 (S.D.N.Y. Mar. 7, 2023)(emphasis added) (Citing See Valley Lane Indus. Co. v. Victoria's Secret Direct Brand Mgmt., L.L.C., 455 Fed. App'x. 102, 104 (2d Cir. 2012); see also GateGuard, Inc. v. Amazon.com Inc., 2023 U.S. Dist. LEXIS 26905, at *25 (S.D.N.Y. Feb. 16, 2023); Albert v. Loksen, 239 F.3d 256, 274 (2d Cir. 2001) (citation omitted). Further, one must be the "but-for" cause of any breach and damages. Green Star Energy Sols., LLC v. Edison Props., LLC, 2022 U.S. Dist. LEXIS 196738, *46 (S.D.N.Y. October 28, 2022) (Citing Conte v. Emmons, 895 F.3d 168, 171 (2d Cir. 2018)); see Ace Arts, LLC v. Sony/ATV Music Pub., LLC, 56 F. Supp. 3d 436, 450 (S.D.N.Y. 2014); Maricultura del Norte, S. de R.L. de C.V. v. Umami Sustainable Seafood, Inc., 769 Fed. Appx. 44, 54 (2d Cir. 2019).

Moreover, "the interference must be improper, a determination of which depends on the particular factual situation" and "mere conclusory language will not suffice." World Wide Communs. v. Rozar, 1997 U.S. Dist. LEXIS 20596, *25, 26 (S.D.N.Y. Dec. 30, 1997) (citing Guard-Life Corp. v. S. Parker Hardware Mfg. Corp., 50 N.Y.2d 183, 189-90 (1980)). In particular, a plaintiff must allege "specific action on the part of [the defendant] to cause" the breach of contract. Masefield AG v. Colonial Oil Indus., 2006 U.S. Dist. LEXIS 5792, *12 (S.D.N.Y. Feb. 15, 2006); see also Ace Arts, 56 F. Supp. 3d at 450 (plaintiff's conclusory allegations that defendant's actions "did in fact, induce a breach" are not enough to show that defendant's actions were the but for cause of breach).

While ADN's allegations across its twelve "factual" paragraphs are impermissibly speculative and conclusory, even if taken as true, the allegations do not support a claim of tortious

4

interference as Mundi is wholly justified in collecting from the customers of ADN – the whole premise of a factoring arrangement.

Grasping at straws, the superficial Complaint generally alleges that ADN has somehow been "denied access to the Ariat Obligations (approximately $4 million), to which it is contractually entitled." ADN does not characterize this as a breach because Mundi has not and cannot "deny access" to funds that it does not possess. Fundamentally, ADN owes Mundi under the Factoring Agreement, but any decision by Ariat to not pay ADN (or Mundi for that matter) was (a) due to the actions of ADN - not Mundi and (b) is under the control of Ariat – not Mundi. ADN does not allege that the "denial of access" was a breach, does not describe same with requisite specificity, and does not allege that Mundi was the "but for" cause of the breach. Thus, ADN fails to state a claim.

Setting aside the fact that, ADN does not expressly plead the above elements with any specificity, ADN must additionally allege that the Mundi "used wrongful means to induce [the third party] to breach the contract."… "'Wrongful means' includes physical violence, fraud, or misrepresentation, civil suits and criminal prosecutions, and some degrees of economic pressure. Wrongful means does not include persuasion alone, even if it is knowingly directed at interfering with a contract. Trireme Energy Holdings, Inc. v. Innogy Renewables US LLC, 2021 U.S. Dist. LEXIS 154846, *42 (S.D.N.Y. August 17, 2021). Bluntly, the Complaint also fails to satisfy these thresholds.

Beyond the admission in the Complaint that ADN owes funds to Mundi which, standing along, is sufficient to warrant dismissal, the Factoring Agreement and supporting law under the UCC effectively extinguishes any claims by ADN for tortious interference. A brief discussion of factoring and the Factoring Agreement is instructive.

5

As a general matter, a security interest attaches to collateral when it becomes enforceable against the debtor with respect to the collateral, unless the agreement expressly postpones the time of attachment which is not the case here. (UCC 9-203(a)).  Because value has been given by Mundi to ADN, ADN had rights in the collateral and power to transfer rights in the collateral to Mundi, and ADN signed an authenticated security agreement which provides a detailed description of the collateral, Mundi's security interest attached and is fully enforceable against ADN. (See Factoring Agreement - Section 2 and Section 8).  ADN retained no interest or ability to collecting from Ariat and ADN's allegations that it is somehow entitled to receive payment for the Ariat Obligations is in direct contravention to UCC 9-318, 9-406 and the plain terms of the Factoring Agreement.

These principles are further supported by the Factoring Agreement which grants a security interest to Mundi in ADN's "Collateral" which includes the Ariat Obligations and clearly provides that Mundi obtained all of ADN's "right, title, interest and ownership in, to and under the Assigned Assets" including the exclusive right to demand collection and receive payment of the obligations including the Ariat accounts. (Id. - Section 2 and 2(a)-(d)).  Additionally, ADN agreed that Mundi "shall have all of the rights and remedies of a secured party as provided by the UCC in addition to any of the remedies provided by another applicable law and all rights and remedies provided for by this Agreement and by any other agreement" (Id. - Section 8 at paragraph 4).

In order to accomplish the objectives of the Factoring Agreement, Mundi is appointed as ADN's "agent" and "irrevocably authorizes [Mundi] to:  (a) perform the collection of the Accounts Receivable; …. [and] (c) implement any measures in connection with the Accounts Receivable…. [and] (e) …enjoy all rights and benefits that correspond to it as owner of the holder

of the Accounts Receivable." (Id. – Section 9)[1]. When viewed collectively, it is axiomatic that the grant of these rights to Mundi to collect defeats the tortious interference claim even if plead properly. See e.g., Beskrone v. Kore Cap. Corp. (In re Moon Grp., Inc.), 2022 Bankr. LEXIS 2710, *30 (D. Del. September 30, 2022).

Here, ADN has not alleged was requisite specificity that the agreement between Ariat and ADN was in fact breached – let alone how Mundi was a "but for" cause of the alleged breach. Additionally, ADN does not allege in the Complaint (because it cannot) allege that Mundi used "wrongful means" or exceeded its authority under the Factoring Agreement or at common law. Each of these deficiencies is separately fatal to the claim and given ADN's failure to plead the fundamental elements of its claim, the Complaint must be dismissed with prejudice.

> **B. The Complaint Must Be Dismissed Because, Per The Factoring Agreement, Mundi Was The Assignee Of The Subject Accounts Receivable And An Agent Of ADN And, Thus, Not A Third Party To The Contract.**

The Complaint also fails to state a claim because, per the express terms of the Factoring Agreement, Mundi was ADN's assignee, agent and not legally a third party to the contract for purposes of a tortious interference claim. The Factoring Agreement expressly states that Mundi is defined as ADN's assignee, is appointed as ADN's "agent" and "irrevocably authorizes [Mundi] to: (a) perform the collection of the Accounts Receivable; …. [and] (c) implement any measures in connection with the Accounts Receivable…. [and] (e) …enjoy all rights and benefits that correspond to it as owner of the holder of the Accounts Receivable." (Factoring Agreement. – Section 9).

---

[1] Of note, as a result of ADN's conduct, Mundi is entitled to the specific remedies set forth in Section 13 of the Factoring Agreement including to default fees, indemnification, and attorneys' fees and costs as provided for under the Factoring Agreement. (Id.).

Under New York law, "although an agent may be liable for the tortious interference of a contract entered into by its principal, that agent may only be held liable where the agent acted outside the scope of its authority." New York Packaging II LLC v. Intco Med. Indus., Inc., 2023 U.S. Dist. LEXIS 667, *15 (E.D.N.Y. January 3, 2023). Bolstering this principle, "under New York common law, 'an assignee steps into the assignor's shoes and acquires whatever rights the latter had.'" Id. (Citing Furlong v. Shalala, 156 F.3d 384, 392 (2d. Cir. 1998) and Koret, Inc. v. Christian Dior, S.A., 161 A.D.2d 156, 157 (1st Dep't 1990) ("It is well established that only a stranger to a contract, such as a third party, can be liable for tortious interference with contract.")). Put another way, a "defendant may not be held liable for tortious interference if it acted within the scope of its authority as an agent of the contracting party unless it committed an independent tortious act against the plaintiff. See Albert, 239 F.3d at 275.

As in the cases cited above including New York Packing II, ADN cannot establish a claim for tortious interference because it is indisputable that Mundi was assigned all of ADN's rights to the subject accounts receivable (including the Ariat Obligations) and was ADN's agent pursuant to the Factoring Agreement including with respect to collection of amounts owed. In addition to the other defects noted above, Mundi is no "stranger" to the subject contract. ADN has not plead (nor can it plead) that Mundi was not its assignee, agent or exceeded its authority to collect accounts receivable – though again, the vagaries of the Complaint are such that it is unclear exactly what conduct Mundi is alleged to have engaged in. Collection is the fundamental purpose of the Factoring Agreement and ADN's allegations are nothing more than a transparent effort on the part of ADN to avoid its obligations thereunder and at common law. These deficiencies also warrant dismissal of the Complaint with prejudice.

### C. The Complaint Must Be Dismissed Because ADN Fails To Allege That Mundi, Which Had An Economic Interest In The Subject Receivables, Engaged In Malice, Fraud, Or Criminality.

ADN's tortious interference with contract claim must also be dismissed because Mundi – through the Factoring Agreement and otherwise - has an economic interest in ADN's accounts receivable including the Ariat Obligations and the Complaint does not allege that Mundi engaged in malice, fraud, or criminality as required at common law.

As noted above, it is well established that only a stranger to a contract, such as a third party, can be liable for tortious interference with a contract. See, e.g., New York Packaging II LLC, 2023 U.S. Dist. at *14; Koret, Inc., 161 A.D.2d at 157.  The standard is heightened where, as here, the defendant has acted to protect its economic interest in the breaching party's business.  In such a case, "courts will impose liability only where a plaintiff can show that the interference was either malicious or involved conduct rising to the level of criminality or fraud." Masefield AG, 2006 U.S. Dist. LEXIS 5792, at *16; Inn Chu Trading Co., Ltd. v. Sara Lee Corp., 810 F. Supp. 501, 505 (S.D.N.Y. 1992); and Foster v. Churchill, 87 N.Y.2d 744, 750 (1996) ("The imposition of liability [for tortious interference with contract] in spite of a defense of economic interest requires a showing of either malice on the one hand, or fraudulent or illegal means on the other.")).  Specifically, a plaintiff "must plead that the alleged interference was motivated by malice or involved criminal or fraudulent conduct." Masefield AG, 2006 U.S. Dist. LEXIS 5792, at *16.  Merely alleging that the defendant desired economic profit is not sufficient. Id.  A party cannot establish a claim for tortious interference when a party like Mundi "only acted on its contractual right and to protect its economic interests." Jack L. Inselman & Co. v. FNB Financial Co., 51 A.D.2d 924, 925 (1st Dept 1976).

Given that ADN fails to satisfy the basic elements of a claim for tortious interference with contract, it is not surprising that a separate basis for dismissal exists given ADN's failure to plead

that Mundi's actions were motivated by malice, were criminal or fraudulent.  Put simply, if taken, Mundi's actions to collect the Ariat Obligations are commercially justified and reasonable.  Int'l Nut All., LLC v. Bank Leumi USA, 2016 NY Slip Op 31848(U), ¶ 11 (N.Y. Sup. Ct.) (Citing Chase Manhattan Bank, N.A. v. Our Own Farm, 237 A.D.2d 222, 223, (N.Y. App. Div. 1st Dep't 1997)).  Mundi's actions to collect the Ariat Obligations would be economically justified per the Factoring Agreement and the UCC.  See Technomarine SA v. Jacob Time, Inc., 905 F. Supp. 2d 482, 494 (S.D.N.Y. 2012).  ADN did not (and cannot) plead that Mundi's actions were motivated by malice, were criminal or fraudulent.

Instead, the Complaint is rife with "mere speculation" to serve as a red herring and divert attention from the fact that ADN is in a position of its own making and has suffered no damages due to the conduct of Mundi.  There is no dispute that ADN accepted funds and the benefits of the Factoring Agreement from Mundi and filed this baseless litigation (and related lawsuits) to try and avoid the obligations which it owes to Mundi.  These deficiencies provide yet another basis to dismiss Plaintiff's Complaint with prejudice.

## **CONCLUSION**

For the reasons set forth above, the Court must grant Defendant, Mundi Trade, Inc.'s Motion to Dismiss Plaintiff's Complaint with prejudice pursuant to F.R.C.P. 12(b)(6) as ADN has failed to state a claim and there is no set of facts alleged that would state a claim upon which relief can be granted[2].

Dated:  August 18, 2023                                              Respectfully submitted,

                                                         **JENSEN LAW FIRM LLC**

                                                         */s/ **Christian Jensen, Esq.***
                                                         _____

                                                         *Attorneys for Defendant*

---

[2] Given the express terms of the Factoring Agreement and the nature of the relationship between the parties, any request by ADN for leave to amend its Complaint must be denied as futile.  Further, Defendant notes that Plaintiff did not submit a response to its request for a pre-motion conference and relatedly did not indicate any intent or need to amend the Complaint.